IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:17-CV-00059-D

Herbert C. Eley,

        Plaintiff,

v.

Steve Harders, et al.,

        Defendants.

**Memorandum & Recommendation.**

      Plaintiff Herbert C. Eley asks the court to allow him to proceed against Defendants Steve Harders, Derrick Burke, Brandon Zurch, and Chris Sumner without paying the required filing fee or other costs normally associated with a civil lawsuit (otherwise known as proceeding "*in forma pauperis*" or "IFP"). D.E. 1.

      In *Adkins* v. *E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948), the Supreme Court first set forth the governing standard. It held: "[w]e think an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and dependents 'with the necessities of life." *Id.* at 339; *Rowland* v. *California Men's Colony, Unit II Men's Advisory Council*, 504 U.S. 194,203 (1993).

      The court has considered the affidavit. The application reveals that Eley has a checking account with $30,000.00 and that his monthly income exceeds his monthly expenses by nearly $500.00. Given his current financial status, plaintiff has failed to demonstrate sufficient evidence indicating that payment of the required court costs would deprive him or his family of the "necessities of life." *See Adkins*, 335 U.S. at 339.

Therefore, the undersigned recommends that the court deny Eley's Application to Proceed without Prepayment of Fees and direct that Eley tender to the clerk the filing fee of $400.00 or file an amended IFP petition demonstrating that he is entitled to proceed without prepayment of fees within 14 days from the date this order is adopted. The undersigned further recommends that the court direct the clerk to close this matter if Eley fails to pay the filing fee in the allotted time or submit a properly executed application to proceed in forma pauperis.

Furthermore, the undersigned directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on each of the parties or, if represented, their counsel. Each party shall have until 14 days after service of the Memorandum and Recommendation on the party to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation, receive further evidence, or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the**

Memorandum and Recommendation. *See Owen* v. *Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

Dated: December 19, 2017

Robert T. Numbers, II
United States Magistrate Judge