IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:17-CV-59-D

HERBERT C. ELEY, )
 )
 Plaintiff, )
 )
 v. ) **ORDER**
 )
STEVE HARDERS, et al., )
 )
 Defendants. )

On November 28, 2017, Herbert Claude Eley ("plaintiff" or "Eley"), proceeding pro se, filed a proposed complaint alleging violations of his civil rights [D.E. 1-1], along with an application to proceed in forma pauperis [D.E. 1] and proposed summonses for four defendants [D.E. 1-3]. On December 20, 2017, Judge Numbers recommended denying the application [D.E. 5]. On December 28, 2017, Eley paid the filing fee and the clerk filed his complaint [D.E. 6] and issued the four proposed summonses [D.E. 7]. On January 2, 2018, Eley filed an amended complaint naming two additional defendants [D.E. 9]. On February 2, 2018, in response to a notice from the clerk [D.E. 11], Eley presented incomplete proposed summonses [D.E. 16]. On February 20, 2018, in response to a notice from the clerk [D.E. 18], Eley presented a summons for one new defendant, and a previously-named defendant [D.E. 20], and the clerk issued the summonses as presented by Eley [D.E. 21].

Three defendants have filed motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b) and (c) [D.E. 14, 28].[1] Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310

---

[1] Because defendants Christopher White and Chowan University simultaneously answered Eley's complaint and moved to dismiss it [D.E. 28, 30], they "technically should have filed the

(4th Cir. 1975) (per curiam), the court notified Eley about the motions, the consequences of failing to respond, and the response deadlines [D.E. 17, 31]. Eley responded in opposition to the motions [D.E. 19, 34]. As explained below, the court grants the motions to dismiss and dismisses the federal claims with prejudice and dismisses the state-law claims without prejudice.

I.

Eley is a citizen and resident of Ahoskie, North Carolina. See Compl. [D.E. 6] 1; Am. Compl. [D.E. 9] 3. Eley's complaint arises out of a trespass warning that the Chowan University ("Chowan") campus police chief, defendant Derek Burke, issued to him on August 28, 2015. See Compl. at 1–2; Am. Compl. at 2; White/Chowan Mot. Dismiss, Ex. 1 [D.E. 29-1] 2. "On the date of the action [defendant Murfreesboro Police Department] Captain Sumner displayed overly agressive[] actions and pattern of behavior that increased assertively, overstepping the boundaries of behavior of career lawmen." Pl.'s Resp. Opp'n Sumner Mot. Dismiss [D.E. 19] 1.

The trespass warning prohibits Eley from "enter[ing] or remain[ing] on the property located at" Chowan, threatens Eley with criminal prosecution if he enters the property, and directs Eley to contact Burke with "[a]ny further needs to communicate with any Chowan employees[.]" White/Chowan Mot. Dismiss, Ex. 1 [D.E. 29-1] 2. Chowan University is in Murfreesboro, North Carolina. See Compl. at 2; Am. Compl. at 1. Eley describes the trespass warning as a "defamatory and malicious attack on [his] personal / professional character[]" and alleges that defendants issued the trespass warning to him "for no probable cause or misconduct." Compl. at 2; Am. Compl. at 2.

---

motion under Rule 12(c) as one for judgment on the pleadings." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009); see Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." (emphasis added)); Fed. R. Civ. P. 12(c). Thus, the court construes these defendants' motion as a one brought under Rule 12(c), and applies the same standard applicable under Rule 12(b)(6). See Walker, 589 F.3d at 139.

Eley also alleges that all defendants engaged in a "conspiracy . . . to give no redress to [Eley] . . . to amicably resolve it" and "completely ignored" a letter he sent requesting a meeting. Compl. at 2; see Am. Compl. at 2.

Eley contends that defendants' actions violated his "civil and human rights." Am. Compl. at 2; see Compl. at 2. In addition to Sumner, Chowan and Burke, Eley names as defendants Chowan president Christopher White and three Chowan employees. See Compl. at 1–2; Am. Compl. at 1. Eley seeks injunctive relief "[t]o have the trespassing stipulation removed and my good name restored" and monetary damages of $15,000,000. Compl. at 3; Am. Compl. at 3.

II.

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Eley apparently seeks relief under 42 U.S.C. § 1983. "To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United

3

States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips, 572 F.3d at 180. Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). Negligence claims are generally not actionable under section 1983. See, e.g., Daniels v. Williams, 474 U.S. 327, 330–31 (1986); Pink v. Lester, 52 F.3d 73, 77–78 (4th Cir. 1995).

As for the no trespass warning, Eley has not plausibly alleged the violation of any right secured by the Constitution. See, e.g., Afrasiabi v. Harvard Univ., 39 F. App'x 620, 623 (1st Cir. 2002) (per curiam) (unpublished); Thompson v. Ashe, 250 F.3d 399, 406–08 (6th Cir. 2001); Uzoukwu v. Prince George's Cmty. Coll. Bd. of Trs., No. 12-3228, 2013 WL 4442289, at *7–10 (D. Md. Aug. 15, 2013) (unpublished); Holbach v. Jenkins, No. 4:09-CV-026, 2009 WL 2382756, at *6 (D.N.D. July 30, 2009) (unpublished), aff'd, 366 F. App'x 703 (8th Cir. 2010) (per curiam) (unpublished). Eley's allegations concerning Captain Sumner's "[u]nbecoming" behavior do not alter the court's conclusion. See, e.g., Fuson v. City of Indianapolis, No. 1:14-CV-00817-RLY-DML, 2016 WL 1270203, at *13 (S.D. Ind. Mar. 31, 2016) (unpublished); Bradford v. Currid, No. CIV-15-606-R, 2015 WL 6511681, at *5 (W.D. Okla. Sept. 29, 2015) (unpublished), report and recommendation adopted, 2015 WL 6511692 (W.D. Okla. Oct. 28, 2015) (unpublished). Furthermore, Eley has failed plausibly to allege that Chowan and its employees acted under the color of state law. See Klunder v. Brown Univ., 778 F.3d 24, 31–32 (1st Cir. 2015); Byrne v. Whole Foods Mkt., Inc., No. 17-1033, 2017 WL 1134120, at *2 (E.D. Pa. Mar. 27, 2017) (unpublished). Finally, to the extent Eley has named the Murfreesboro Police Department as a defendant, police departments in North Carolina do not have the legal capacity to be sued. See, e.g., Owens v.

Baltimore City State's Attorneys Office, 767 F.3d 379, 393 (4th Cir. 2014); Cooper v. Brunswick Cty. Sheriff's Dep't, No. 7:10-CV-14-D, 2011 WL 738610, at *4 n.2 (E.D.N.C. Feb. 7, 2011) (unpublished) (collecting cases), report and recommendation adopted by, 2011 WL 736670 (E.D.N.C. Feb. 23, 2011) (unpublished); Hill v. Robeson Cty., 733 F. Supp. 2d 676, 690 (E.D.N.C. 2010). Thus, the court dismisses the Murfreesboro Police Department as a defendant.

To the extent Eley alleges a conspiracy claim under 42 U.S.C. § 1985, to state a claim, Eley must plausibly allege "that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the plaintiff's] deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). To show joint, concerted action, plaintiffs must, at minimum, provide "specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Id. Conclusory allegations of a conspiracy do not satisfy this "meeting of the minds" element and therefore fail to state a claim. See, e.g., Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995); Gooden v. Howard Cty., 954 F.2d 960, 970 (4th Cir. 1992) (en banc). Eley fails plausibly to allege a "meeting of the minds" between any of the named defendants or any shared objective of violating his constitutional rights. See Uzoukwu, 2013 WL 4442289, at *6; Holbach, 2009 WL 2382756, at *7; cf. Iqbal, 556 U.S. at 677–84; Johnson v. City of Fayetteville, 91 F. Supp. 3d 775, 796–98 (E.D.N.C. 2015). Thus, Eley fails to state a claim under section 1985.

Finally, in light of the dismissal of Eley's federal claims, the court declines to exercise supplemental jurisdiction over any state-law claims, and dismisses those claims without prejudice. 28 U.S.C. § 1367(c)(3); see Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); ESAB Grp., Inc. v. Zurich Ins. PLC, 685 F.3d 376, 394 (4th Cir. 2012); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995).

III.

In sum, the court GRANTS defendants' motions to dismiss [D.E. 14, 28], and DISMISSES WITH PREJUDICE plaintiff's section 1983 and 1985 claims. The court DISMISSES WITHOUT PREJUDICE plaintiff's state-law claims. The clerk shall close the case.

SO ORDERED. This 23 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge